IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DIETRICK LEWIS JOHNSON, SR.,** :
    Petitioner :
: No. 1:19-cv-1167
  v. :
: (Judge Kane)
**WARDEN BRADLEY,** :
    Respondent :

## MEMORANDUM

**I.    BACKGROUND**

On July 8, 2019, pro se Petitioner Dietrick Lewis Johnson, Sr. ("Petitioner"), a federal inmate currently incarcerated at the United States Penitentiary Canaan in Waymart, Pennsylvania ("USP Canaan"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) On July 15, 2019, Petitioner paid the requisite filing fee and also filed a motion to hold his § 2241 petition in abeyance for twenty-one (21) days to allow him to submit an amended petition to the Court. (Doc. No. 4.) In an Order dated July 17, 2019, the Court granted Petitioner's motion and directed him to submit his amended § 2241 petition within twenty-one (21) days. (Doc. No. 5.) On July 18, 2019, the Court received a motion to appoint counsel (Doc. No. 6) and amended § 2241 petition (Doc. No. 7) from Petitioner. The Court therefore deems the amended § 2241 petition to be the operative pleading in this matter.

Petitioner challenges the 240-month sentence imposed on him in 2013 by the United States District Court for the Eastern District of Texas after he pled guilty to carjacking with intent to cause serious bodily harm, in violation of 18 U.S.C. § 2119. (Doc. No. 7); United States v. Johnson, Nos. 4:14-CV-460, 4:12CR00080, 2015 WL 4592995, at *1 (July 29, 2015). In 2014, the United States Court of Appeals for the Fifth Circuit dismissed Johnson's appeal,

concluding that it "present[ed] no nonfrivolous issue for appellate review." See United States v. Johnson, 567 F. App'x 307 (5th Cir. 2014). Petitioner subsequently filed a motion to vacate pursuant to 28 U.S.C. § 2255, which the Eastern District of Texas denied. See Johnson, 2015 WL 4592995, at *1.

In 2016, Petitioner sought leave from the Fifth Circuit to file a second or successive § 2255 motion, arguing that he was misadvised as to the maximum penalty he faced under the allegations set forth in his indictment. See In re Johnson, No. 16-41204 (5th Cir.) (filed Sept. 20, 2016). Specifically, Petitioner maintained that because his indictment did not actually allege that serious bodily injury resulted from the carjacking, he could not be sentenced to more than fifteen (15) years of incarceration, the maximum penalty for the basic offense of carjacking. See id. The Government filed a response indicating that it did not oppose Petitioner's motion seeking leave to file a second or successive § 2255 motion. See id. (filed Nov. 23, 2016). However, in an Order dated January 12, 2017, the Fifth Circuit denied Petitioner's motion for authorization to file a second or successive § 2255 motion, concluding that he had not satisfied the requirements for filing such a motion set forth in 28 U.S.C. § 2255(h). See id. (filed Jan. 12, 2017).

In his amended § 2241 petition, Petitioner claims that he is actually innocent of the crime to which he pled guilty. (Doc. No. 7 at 1, 15.) Petitioner bases his actual innocence argument on the Supreme Court's recent decision in Burrage v. United States, 571 U.S. 204 (2014), in which the Court held that "where use of [a] drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the

death or injury."¹ See id. at 218-19; (Doc. No. 7). He argues that because his indictment did not specifically allege that serious bodily injury resulted from the carjacking, he is actually innocent of such offense. (Doc. No. 7 at 15.) Petitioner also appears to fault trial counsel for failing to raise this argument and asserts that this charging error was caused by gross prosecutorial misconduct. (Id. at 4-13.) As relief, Petitioner seeks to have his judgment of conviction vacated. (Id. at 21-22.) For the following reasons, the Court will dismiss Petitioner's amended petition without prejudice.

**II.  DISCUSSION**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

It is well settled that a federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. See,

---

¹ The United States Court of Appeals for the Third Circuit has recognized that Burrage "confirmed [the rule set forth in Alleyne v. United States, 570 U.S. 99 (2013),] by applying it to a specific penalty enhancement." See Gardner v. Warden Lewisburg USP, 845 F.3d 99, 101 (3d Cir. 2017). In Alleyne, the Supreme Court held that "[a]ny fact that, by law, increases the [mandatory minimum] penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." See Alleyne, 570 U.S. at 102. In his § 2241 petition, Petitioner also cites Jones v. United States, 526 U.S. 227 (1999), in which the Court construed 18 U.S.C. § 2119 "as establishing three separate offenses by the specification of distinct elements, each of which must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict." See id. at 252; (Doc. No. 7 at 3).

3

e.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). Indeed, to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to § 2255 in the sentencing court, "a court already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. § 2241 in the district court for the federal judicial district where the prisoner is in custody. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); see also 28 U.S.C. § 2255(e); Litterio v. Parker, 369 F.2d 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (quoting United States ex rel. Leguillou v. Davis, 212 F.3d 681, 684 (3d Cir. 1954)). Specifically, the United States Court of Appeals for the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge

his conviction and could not satisfy the stringent standard for filing a second or successive § 2255 motion." See Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted); In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997)). This "safety-valve" clause is to be strictly construed. See In re Dorsainvil, 119 F.3d at 251; see also Russell, 325 F. App'x at 47 (noting that the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law"). The burden is on the habeas petitioner to demonstrate inadequacy or ineffectiveness. See In re Dorsainvil, 119 F.3d at 251-52; Dusenbery v. Oddo, No. 17-2402, 2018 WL 372164, at *3 (M.D. Pa. Jan. 11, 2018) (citing Application of Galante, 437 F.2d at 1165). "Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." Long, 611 F. App'x at 55; see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), (providing that prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective); Litterio, 369 F.2d at 396. "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. See Application of Galante, 437 F.2d at 1165.

As the Third Circuit recognized in In re Dorsainvil, a federal prisoner can pursue relief under § 2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer considered to be criminal conduct so as to avoid a complete miscarriage of justice. See In re Dorsainvil, 119 F.3d at 251; see also Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding § 2241 may not be used to raise an Apprendi v. New Jersey, 530 U.S.

466 (2000) claim that is barred by the procedural limitations imposed by the AEDPA); Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on Apprendi. See United States v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause." See Adderly v. Zickefoose, 459 F. App'x 73, 2012 WL 252416, at *2 (3d Cir. 2012); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("§ 2241 is not available for an intervening change in the sentencing laws.").

Here, Petitioner challenges his sentence, claiming that under Burrage, he could not have been sentenced in excess of 15 years because he was not specifically charged with carjacking that resulted in serious bodily injury. Petitioner, however, has not met his burden of demonstrating that a motion under § 2255 is inadequate or ineffective to challenge the legality of his detention. Moreover, Petitioner's claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. As an initial matter, Petitioner does not explain, and the Court does not discern, how his conviction and sentence implicate Burrage because Petitioner did not plead guilty to drug distribution resulting in death. Furthermore, the Third Circuit has recognized that the Supreme Court's decision in Burrage did not decriminalize conduct; instead, it "merely applied Apprendi v. New Jersey . . ., and one of Apprendi's progeny, Alleyne v. United States . . . ."[2] See Dixon v. Warden of FCI Schuylkill, 647 F. App'x 62, 64 (3d Cir. 2016). As noted above, the Third Circuit has concluded that a "§ 2255 motion is not an inadequate or ineffective vehicle

---

[2] In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Apprendi, 530 U.S. 466, 490 (2000). As noted above, the Alleyne Court extended that rule to "facts that increase mandatory minimum sentences." See Alleyne, 570 U.S. at 116.

6

for raising an Apprendi-based argument" and therefore § 2241 may not be used to raise such claims.  See id.; see also Kenney, 391 F. App'x at 172; Okereke, 307 F.3d at 120-21.  Thus, the Court will dismiss Petitioner's amended § 2241 petition for lack of jurisdiction.

## III. CONCLUSION

Based on the foregoing, Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 7) will be **DISMISSED** for lack of jurisdiction without prejudice to Petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements set forth in 28 U.S.C. §§ 2244 and 2255(h), as they may apply. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary.  Petitioner's motion to appoint counsel (Doc. No. 6) will be denied as moot.  An appropriate Order follows.